WHITTEMORE v. EQUITABLE TRUST CO. (No. 5883.)

(Supreme Court, Appellate Division, First Department. May 29, 1914.)

1. TRUSTS (§ 4*)—EXPRESS TRUSTS—REVOCATION—STATUTE.

Personal Property Law (Consol. Laws, c. 41) § 23, authorizing the creator of a trust in personalty, theretofore or thereafter created, to revoke the same upon the written consent of all persons beneficially interested therein, is a valid retroactive enactment.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 3; Dec. Dig. § 4.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TRUSTS (§ 59*)—EXPRESS TRUSTS—REVOCATION—STATUTE.

The creator of a trust in personalty, whereby the trustee was to pay her the income and such part of the principal as it might think necessary for her support, and at her death distribute the remainder among her next of kin, could revoke it, under Personal Property Law (Consol. Laws, c. 41) § 23, without the consent of her nearest relatives, as it was not her intention to confer on them any present beneficial interest, but merely to provide for her own necessities and comfort, and to have the remainder at her death distributed by the trustee instead of an administrator, and, moreover, as a living person has no next of kin, and a possible interest as such is not transferable, they did not have even a contingent interest.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 78–81; Dec. Dig. § 59.*]

3. DESCENT AND DISTRIBUTION (§ 68*)—RIGHTS OF HEIRS AND DISTRIBUTEES—BEFORE DEATH OF ANCESTOR.

A living person having no next of kin, and a possible interest as such not being descendible, devisable, or assignable, the nearest relatives did not have even a contingent interest in the property of their relative.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 152, 206, 207, 214; Dec. Dig. § 68.*]

Submission of controversy upon an agreed statement of facts by Mabel T. Whittemore against the Equitable Trust Company, as successor, by merger, to the Van Norden Trust Company. Judgment for plaintiff.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Samuel Ecker, of New York City, for plaintiff.
Robert H. Strahan, of New York City, for defendant.

LAUGHLIN, J. On the 29th day of December, 1902, the plaintiff as party of the first part, and the Van Norden Trust Company, as party of the second part, executed an agreement in writing under seal and duly acknowledged, whereby the plaintiff assigned and transferred to the trust company certain securities, consisting of railroad bonds and certain capital stock of the aggregate par value of $21,000, upon trust to hold the securities, and any securities into which they might be converted, as a trust fund subject to trusts to pay the net income to the plaintiff, or to apply the same to her use, so long as she should live, and to pay over to her, or apply to her use, such portion of the principal—

"as may in the opinion of the party of the second part be necessary for the support of the party of the first part in addition to such income and profits, and upon her death *to distribute* the principal of said trust fund then remaining undisposed of hereunder among her next of kin."

The trust company was expressly authorized to sell all or any part of the securities and invest the proceeds, and in so doing to exercise its own discretion without reference to any law regulating the investments of trustees, and to deduct from the income or principal its reasonable expenses and disbursements and its compensation, the rate of which was therein prescribed. The deed of trust contained no express reservation of power of revocation. The trust company expressly ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes*

knowledged the receipt of the securities and accepted the trust. The defendant is the successor by merger of the Van Norden Trust Company. On the 3d day of April, 1914, the plaintiff attempted to revoke the trust pursuant to the provisions of section 23 of the Personal Property Law (Consolidated Laws, c. 41, Laws of 1909, c. 45) by serving upon the defendant a formal notice in writing duly acknowledged, describing the original trust agreement and demanding that it turn over and deliver to her attorney the securities or trust fund held by it pursuant to said trust agreement, together with all accumulations of interest and income arising therefrom. The trust company declined to comply with the request, and thereupon and on the 8th day of April, 1914, this submission was agreed upon in due form, and it is therein recited that "the present next of kin of the plaintiff are" a brother and sister. therein named, both of the city of Fishkill-on-the-Hudson, and that they are of full age and sound mind.

[1, 2] The learned counsel for the defendant does not contend that the trust is irrevocable, for the reason that it cannot be determined until the death of the plaintiff who will be her next of kin; but he contends that the consent of the brother and sister of the plaintiff to the revocation of the trust is necessary, for the reason that if the trust were presently terminated by the death of the plaintiff, they would be her next of kin and entitled to take the remainder. The theory on which this argument is based, according to the submission, is that the brother and sister now have a beneficial interest in the deed of trust, and, according to the brief, that they have a contingent interest in the remainder. Section 23 of the Personal Property Law, which has been sustained as a valid retroactive enactment (Hoskin v. Long Island Loan & Trust Co., 139 App. Div. 258, 123 N. Y. Supp. 994, affirmed on opinion below 203 N. Y. 588, 96 N. E. 1116; Sperry v. Farmers'. Loan & Trust Co., 154 App. Div. 447, 139 N. Y. Supp. 192), provides as follows:

"Revocation of trusts upon consent of all persons interested. Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

The determination of the question as to who are beneficially interested in a trust necessarily requires a construction of the deed of trust, and where the settlor of the trust and the trustee are the only parties thereto, the construction depends upon the intention of the settlor. It is quite evident, I think, that the plaintiff did not intend by this deed of trust to give those who will be her next of kin at the time of her death a present beneficial interest in the property. She merely intended to turn over the management of her securities to the trust company for her own benefit, and to relieve her of the responsibility of looking after them, collecting the income, selling when advisable, and reinvesting. She reserved to herself, with the consent of the trustee, the right to use the entire property if necessary. It is therefore manifest that her sole object in creating the trust was to provide for her own necessities

and comfort during life. It is true the deed of trust contains the provision that the trustee shall upon her death *distribute* the principal of the trust fund then remaining among her next of kin; but I think no particular significance is to be attached to that provision. It may have been thought that without some provision of the kind the trust company would take the remainder; and the provision, I think, was inserted merely as a direction to the trust company with respect to disposing of the property after her death, and she directed that it be distributed as the law provides for the distribution of the property of an intestate. Nor do I think any significance is to be attached to the fact that she did not direct that the trustee deliver it to her administrator. She probably had no intention of leaving debts, and supposed that her property could be distributed in this manner without other administration. There could be no purpose in directing the trustee to distribute it among her next of kin, rather than deliver it to her administrator, for if she left debts, property held under such a trust to the extent of her interest would be subject thereto (Personal Property Law, § 34; see, also, Schenck v. Barnes, 156 N. Y. 316, 50 N. E. 967, 41 L. R. A. 395), and I think she intended to retain an interest and had an interest in all of it.

[3] Moreover, a living person has no next of kin; and a *possible* interest as an heir or one of the next of kin of a living person is not descendible, devisable, or assignable, and therefore there is no one who has even a contingent interest in the property as the next of kin of the settlor of the trust. Robinson v. N. Y. Life Ins. & Trust Co. et al., 75 Misc. Rep. 361, 133 N. Y. Supp. 257; National Park Bank v. Billings, 144 App. Div. 536, at page 540, 129 N. Y. Supp. 846, affirmed 203 N. Y. 556, 96 N. E. 1122. See, also, Sperry v. Farmers' Loan & Trust Co., 154 App. Div. 447, 139 N. Y. Supp. 192, and Hoskin v. L. I. Loan & Trust Co., 139 App. Div. 258, 123 N. Y. Supp. 994, affirmed 203 N. Y. 588, 96 N. E. 1116.

It follows that plaintiff is entitled to judgment revoking the deed of trust and directing defendant to deliver to her the securities and the proceeds and accumulations thereof in its possession, upon payment of its lawful commissions and expenses. All concur.