### COURT v. BANKERS' TRUST CO.

(Supreme Court, Special Term, New York County. July 10, 1915.)

1. DEEDS ⬅️133(4)—TRUST DEED—CONSTRUCTION—REMAINDERS.

Under a trust deed transferring certain securities in trust to pay the income to the grantor during her life, and after her death to deliver the securities to the persons to whom she might bequeath them by her last will, and, if she left no will, to deliver them to her next of kin who were the descendants of her father and mother, excluding her husband from any participation, a brother and sister of the grantor and an adopted daughter of her deceased brother, who on her death would be her next of kin under the description of the deed, took a vested remainder, not by operation of law, but by virtue of the trust deed, subject to the exercise of the reserved power of appointment, and to divesture by their death before the grantor, and to open to let in other members of the same class who might be born prior to the death of the grantor.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 368–370; Dec. Dig. ⬅️133(4).]

2. REMAINDERS ⬅️14—WILLS ⬅️7—VESTED REMAINDER—ALIENABILITY.

Such vested remainder was both alienable and devisable.

[Ed. Note.—For other cases, see Remainders, Cent. Dig. § 10; Dec. Dig. ⬅️14; Wills, Cent. Dig. § 11; Dec. Dig. ⬅️7.]

3. DESCENT AND DISTRIBUTION ⬅️57—SURVIVING HUSBAND.

The personal property of a married woman, upon her death intestate without descendants, would become the property of her surviving husband, subject to the payment of her debts.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 145, 159; Dec. Dig. ⬅️57.]

4. TRUSTS ⬅️59(1)—TRUST DEED—REVOCATION—"PERSONS BENEFICIALLY INTERESTED."

Under Personal Property Law, § 23, as amended by Laws 1909, c. 247, providing that the creator of a trust of personal property may revoke it upon the consent of all the persons beneficially interested therein, persons taking a vested remainder under the provisions of a trust deed subject to the exercise of the grantor's reserved power of appointment, and to divesture by their death prior to that of the grantor, and to opening to let in other members of the same class born prior to the death of the

grantor, were "persons beneficially interested," so that, without their consent, the grantor could not revoke the trust deed.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 78, 79; Dec. Dig. ⊜⟶59(1).

For other definitions, see Words and Phrases, First and Second Series, Beneficially Interested.]

Action by one Court against the Bankers' Trust Company. Plaintiff's motion for judgment on the pleadings denied, with leave to amend the complaint.

J. Noble Hayes, of New York City, for appellant.
Alexander & Green, of New York City, for respondent.

PAGE, J. This is an action to determine the right of the plaintiff to annul a deed of trust of personal property given by her to the defendant's predecessor, and of which the defendant became trustee as successor by merger with the Mercantile Trust Company.

[1-4] The deed transferred certain securities to the trustee, upon trust to receive the income therefrom and pay it to the grantor, the plaintiff herein, during her life, and from and after her death to deliver the securities to the person or persons to whom she might bequeath the same by her last will and testament. The deed then provided:

"And if I leave no will then (upon trust to deliver and make over said securities) to my next of kin who are the descendants of my father and mother, according to law, and excluding my husband, William B. Court, from any participation herein in any event."

The plaintiff, claiming to be the only person beneficially interested in the deed of trust, has attempted to revoke it pursuant to section 23 of the Personal Property Law (Laws of 1909, c. 247), which provides that the creator of a trust of personal property may revoke it upon the consent of all the persons beneficially interested therein. It is conceded in the pleadings for the purposes of this motion that there are now living Anna B. Williams (sister of the plaintiff), Edwin Sidney Williams (a brother of the plaintiff), and Grace Hilton (adopted daughter of a deceased brother of the plaintiff), who are the descendants of the father and mother of the plaintiff according to law, and upon the death of the plaintiff would be her next of kin of that description. The only question to be determined is whether the said persons or either of them are persons beneficially interested in the deed of trust. If so, then the plaintiff's attempted revocation of the trust was ineffectual.

In Crackanthorpe v. Sickles (affirmed on opinion at Special Term, 156 App. Div. 753, 141 N. Y. Supp. 370) the court construed a deed of trust like the one in the instant case, except that the trustee was directed, in default of a testamentary disposition of the property, to divide it equally among the lawful issue of the grantor which she might leave surviving her. It was there held that the deed created a vested remainder in the children of the grantor then living, subject to open up and let in after-born children, and to be divested by the death of such child without issue prior to the death of the grantor, and that the

said children were persons beneficially interested in the deed of trust, and it could not be revoked without their consent.

I am unable to discover a material ground of distinction between the case at bar and the Crackanthorpe Case. In the present case the deed directed the trustees, in default of an appointment by will, to deliver the securities to the grantor's next of kin who are descendants of her parents according to law and excluding her husband. This clearly created a remainder in the persons of that description, subject to the exercise of the reserved power of appointment. There are persons in being who, if they survive the grantor, will be the next of kin of the said description, and as such will take the property, not by operation of law, but solely by virtue of the deed. These persons, under the law of this state, have a vested remainder in the property, subject to being divested by their death prior to that of the grantor, and to open up and let in other members of the same class who may be born prior to the death of the grantor (Moore v. Littel, 41 N. Y. 66; Clowe v. Seavey, 208 N. Y. 496, 102 N. E. 521, 47 L. R. A. [N. S.] 284; Crackanthorpe v. Sickles, supra), and their interest in the deed of trust is both alienable and devisable, subject, of course, to defeasance as aforesaid.

My attention has been called to the case of Whittemore v. Equitable Trust Co., 162 App. Div. 607, 147 N. Y. Supp. 1058. In that case a deed of trust was given by the plaintiff to the defendant trust company upon trust to pay certain income to her during her life "and upon her death to distribute the principal of said trust fund then remaining undisposed of hereunder among her next of kin." In construing this provision the Appellate Division of this department held that it was not the intention of the grantor to create an express limitation over after her death, but merely to direct a distribution of the property according to law. The court said at page 609 of 162 App. Div., at page 1061, of 147 N. Y. Supp.:

"It is true the deed of trust contains the provision that the trustee shall upon her death distribute the principal of the trust fund then remaining among her next of kin, but I think no particular significance is to be attached to that provision. It may have been thought that without some provision of the kind the trust company would take the remainder; and the provision, I think, was inserted merely as a direction to the trust company with respect to disposing of the property after her death, and she directed that it be distributed as the law provides for the distribution of the property of an intestate."

The court accordingly held that the next of kin of the grantor had no beneficial interest in the deed of trust. The case at bar is distinguishable from the Whittemore Case in that here the grantor evinced an intention to prevent her property from being distributed according to law. Having no descendants, her personal property would by law, upon her death, intestate, become the property of her husband, subject to the payment of her debts. Robins v. McClure, 100 N. Y. 328, 3 N. E. 663, 53 Am. Rep. 184; Matter of Russell, 168 N. Y. 169, 61 N. E. 166. She expressly provided that it should not go to her husband, but to her next of kin, who are descendants of her father and mother.

The case of Robinson v. N. Y. Life Ins. & Trust Co., 75 Misc. Rep. 361, 133 N. Y. Supp. 257, is relied upon by the plaintiff as opposed to

the views herein expressed. In that case, however, there was a trust during an intervening life estate in addition to that of the grantor, and the ultimate remainder was not to the next of kin of the grantor as of the date of his death, but to such person or persons as might be the next of kin of the grantor on his father's side at the time of the termination of the trust. The persons claiming an interest in the deed of trust were persons who would have answered the description of next of kin of the grantor if he had then died, but would not necessarily have been his next of kin at the date of distribution, which was after the expiration of the subsequent lives. In the instant case the date of distribution is the death of the grantor, who is also the life beneficiary, and you can point to certain human beings and say, "That man or that woman by virtue of a grant of remainder, would have an immediate right to the possession * * * if the precedent estate of another therein should now cease." Moore v. Littel, supra. The said persons, therefore, have a vested interest in the property which is alienable and devisable, subject to defeasance, as aforesaid, and their consent is necessary to a revocation of the deed of trust.

The plaintiff's motion for judgment on the pleadings is denied, with $10 costs, with leave to the plaintiff to amend the complaint upon payment of said costs within 10 days.