(94 Misc. Rep. 425)

### In re MERRITT.

(Supreme Court, Special Term, Nassau County. March, 1916.)

TRUSTS &=59(1), 169(1)—REVOCATION—APPOINTMENT OF SUBSTITUTE TRUSTEE.

A trust deed, relating to both real and personal property and reserving no power of revocation, created two powers, one to convey, transfer, and pay over to persons appointed in the settlor's will, and the other to convey, transfer, and pay over "to such person or persons as by the laws * * * would be entitled to receive the said property if this instrument had not been executed. * * *" By Real Property Law (Consol. Laws, c. 50) § 148, a power is irrevocable unless the power to revoke is reserved in the instrument. *Held*, that the settlor could not terminate the trust without application to a court of equity, and that, an attempted revocation without resort to equity being ineffective, the court had power, over the settlor's objection, to appoint a substituted trustee on resignation of the original trustee.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 78, 79, 222; Dec. Dig. &=59(1), 169(1).]

Petition of William C. Merritt, trustee of Marietta Fleming under a trust deed, to be permitted to resign as such trustee. Petition granted.

Herbert L. Fordham, of New York City, for petitioner.
Henry C. Frey, of Jamaica, for Marietta Fleming.

JAYCOX, J. By deed dated the 24th day of March, 1915, Marietta Fleming conveyed all her property, real and personal, to the petitioner, William C. Merritt, upon the following trust and powers in trust:

"First. To apply the net rents, issues, income and profits of all the said property to the use of the said party of the first part for and during her life, but free from the control of any husband, her separate receipt therefor to be a full discharge to the said trustee on account of the same.

"Second. Upon the death of the said party of the first part, upon further trust to convey, transfer and pay over all and singular the property then held in trust, both real and personal, to such persons or person and in such manner and way and upon such trusts and limitations as the said party of the first part shall by her last will and testament, or by any instrument in the nature of a last will and testament, duly made and executed by her in the manner in which wills of real estate are or may be required to be executed, direct and appoint.

"Third. But if the said party of the first part shall die without leaving any last will and testament or any such instrument in the nature thereof as aforesaid, or without exercising her said power or privilege of appointment and direction, then and in that case upon further trust to convey, transfer and pay over all and singular the property, both real and personal, then held in trust as aforesaid to such person or persons as by the laws of the state of New York then in force relating to the descent and distribution of the real and personal estate of intestate decedents would be entitled to receive the said property if this instrument had not been executed and the said party of the first part had died seized and possessed of and being the lawful owner of the said property so invested."

The trustee accepted and entered upon the execution of his duties as such trustee. Now, owing to some disagreement with the creator of the trust, the trustee desires to account, to be permitted to resign, and that a successor, as trustee, be appointed, to whom he may turn over such funds as are in his hands and convey the real estate. The creator of the trust makes no objection to the account, but says there

is no necessity for the appointment of a trustee to succeed the petitioner, as by an instrument dated December 22, 1915, she revoked the trust above set forth. The instrument by which she sought to revoke the trusts is not presented to the court, but its sufficiency is not disputed, provided she (Marietta Fleming) had the power to revoke the trust in question. It is claimed that she has such power under section 23, Personal Property Law (Consol. Laws, c. 41), Hoskin v. Long Island Loan & Trust Co., 139 App. Div. 258, 123 N. Y. Supp. 994, and Sperry v. Farmers' L. & T. Co., 154 App. Div. 447, 139 N. Y. Supp. 192.

These cases differ in two important particulars from the case at bar. In both of those cases the trustee's duties ceased with the death of the beneficiary, and the trustee in one case was then required to pay to appointees under a will, if any, and in the other to pay to the executor or administrator of the creator of the trust. It was held in those cases that by reason of the wording of the trust there was no person in being who, upon the death of the creator, would take any interest in the trust estate by virtue of the trust deed. Such is not the case here. Under the trust in this case, if the creator makes no appointment by will, then the property is distributed by the trustee among the heirs at law and next of kin of the deceased, who do not take title as such, but as purchasers under the deed of trust. In both of the cases cited the case of Genet v. Hunt, 113 N. Y. 158, 21 N. E. 91, is distinguished. The trust in the Genet Case is similar to the trust in this case. It was held in that case that the creator had created rights which she was powerless to destroy. This trust embraces real as well as personal property. The statute and cases cited in support of the claim that this trust has been revoked relate to personal property only.

Whittemore v. Equitable Trust Co., 162 App. Div. 607, 147 N. Y. Supp. 1058, is still a stronger case in favor of the right to revoke, as the trust in that case more closely resembles the trust involved here. That case, however, related only to personal property. The statute makes every conveyance or other act of a trustee in contravention of the trust absolutely void. Real Property Law, § 105. The trust deed provides only for a power of appointment by will. What was said in Genet v. Hunt, 113 N. Y. 158, 170, 21 N. E. 91, 93, is in point here:

"It is a doctrine of the common law that an unrestricted power to appoint a fee in lands by deed or will is equivalent to ownership, because the donee of the power may at any time, by exercising the power, acquire an absolute estate, and for this reason the question of perpetuity arising upon limitations made by the donee of such a power is determined with reference to the date of the execution of the power and not of the instrument creating it. 1 Sugden, Powers, 469 et seq. But the general rule is expressed by Chancellor Kent in his Commentaries (volume 4, p. 337): 'An estate created by the execution of a power takes effect in the same manner as if it had been created by the deed which raised the power.' The power of disposition reserved by Mrs. Riggs in the trust deed was not an absolute power equivalent to absolute ownership. It was restricted to a disposition by will. The statute of powers (section 85) defines an absolute power to be one by which the grantee is enabled in his lifetime to dispose of the entire fee for his own benefit. The power in this case, under the definition in our statute, was general, but not absolute. Cutting v. Cutting, 86 N. Y. 535."

This is strictly applicable here. It is true section 23 of the Personal Property Law had not been enacted at the time of that decision, but that in no way changes the situation, as it does not affect a trust of real property. A court of equity may relieve the settlor of the trust. Sharman v. Jackson, 98 App. Div. 187, 90 N. Y. Supp. 469. But I think she cannot terminate the trust without application to the court. Neal v. Black, 177 Pa. 83, 35 Atl. 561, 34 L. R. A. 707; Neisler v. Pearsall, 22 R. I. 367, 48 Atl. 8, 52 L. R. A. 874; Sewall v. Roberts, 115 Mass. 262; Keyes v. Carleton, 141 Mass. 45, 6 N. E. 524, 55 Am. Rep. 446. By the trust deed in question here two powers are created; one to convey, transfer, and pay over to persons appointed in the settlor's will, and the other to convey, transfer, and pay over "to such person or persons as by the laws of the state of New York then in force relating to the descent and distribution of the real and personal estate of the intestate decedents would be entitled to receive the said property if this instrument had not been executed, and the said party of the first part had died seized and possessed of and being the lawful owner of the said property so invested." By section 148 of the Real Property Law a power is irrevocable unless the power to revoke it is reserved in the instrument. The power to revoke these powers was not reserved in the instrument. The trust in question has not been revoked. The court will appoint a substituted trustee.

Motion granted.