AUGUSTA DOCTOR and LUDWIG SCHOLEM, Respondents, *v.* AUGUSTUS S. HUGHES and ELIZABETH L. HUGHES, Appellants, Impleaded with JAMES FRANK, as Trustee in Bankruptcy of ELIZABETH L. HUGHES and Others, Defendants.

First Department, November 17, 1916.

Real property — deed of trust for benefit of creator — provision that at beneficiary's death trustee shall convey to heirs — when deed does not create vested or contingent interest in heirs which is alienable — when judgment creditor of heir cannot sue to subject property to judgment — election of heirs to take under the statute rather than by trust deed.

A deed of trust of real estate executed for the benefit of the grantor, who is to be paid from the income a certain sum yearly, unless in the discretion of the trustee he shall deem it most for the benefit of the grantor that a larger sum be paid, which further provides that the trustee, if he desires, may relinquish the trust and reconvey the premises to the grantor, or may appoint another trustee in his place, and which further provides that upon the death of the grantor the trustee shall convey the premises not sold to the heirs at law of the grantor, or the balance remaining if a sale of the lands has been made, does not create any vested or contingent interest whatever in the grantor's heirs at law, during his lifetime, which is descendible, devisable or alienable.

Hence, a judgment creditor of an heir at law and of his wife to whom he had assumed to convey his interest in the trust estate during the grantor's lifetime cannot, while the grantor is still living, by a suit in equity subject the interest in the trust funds to the payment of the judgment upon the theory that the judgment debtor has a present interest in the real estate.

First Department, November, 1916. [Vol. 174.

Under such deed of trust the heirs would not be bound to accept a deed from the trustee, but might stand upon their legal rights and take by inheritance rather than under the deed.

PAGE, J., dissented, with opinion.

APPEAL by the defendants, Augustus S. Hughes and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 14th day of January, 1916, upon the decision of the court after a trial at the New York Special Term.

*Burt D. Whedon,* for the appellants.

*Mark G. Holstein,* for the respondents.

SCOTT, J.:

This is an action in equity by judgment creditors of Augustus S. and Elizabeth L. Hughes to reach what is claimed to be the present interest of said defendants in certain real estate.

The property in question appears to have belonged, prior to January 9, 1899, to James J. Hanigan, who on that date conveyed it by a trust deed to Abram Bassford. Under the terms of the deed Bassford was to hold and manage the property during the lifetime of Hanigan, and to receive the rents, issues and profits thereof, out of which, after paying taxes and expenses, he was to pay the grantor the sum of $1,500 yearly, " unless in the discretion of the said party of the second part [the trustee] he shall deem it most for the benefit of the said party of the first part [Hanigan] to exceed said sum of Fifteen Hundred Dollars." The trustee was empowered to mortgage the real estate for the purpose of paying off existing mortgages and was also empowered to sell the property, the proceeds to be used and applied for the purposes expressed in the trust deed. It was also provided that if the trustee at any time wished to relinquish the trust and to be released therefrom, he might reconvey the premises to the party of the first part, or might appoint another trustee or trustees in his place, in which latter case the substituted trustee or trustees, upon acceptance of the trust in writing, should be bound by all of the provisions of the deed of trust.

The clause of the trust deed upon which plaintiffs base their

claim reads as follows: "*Fifth.* Upon the decease of the said party of the first part, the said party of the second part shall convey the said premises (if not sold) to the heirs at law of the party of the first part.   In case, however, the said premises shall have been sold, as herein provided, then the balance of the avails of sale remaining unexpended shall be paid to the heirs at law of the said party of the first part."

The only children of James J. Hanigan, and the only persons who in case of his death would be his heirs at law, were when the trust deed was made, and are at present, his two daughters, Elizabeth L. Hughes, and her sister, Sarah E. Techt.   On June 12, 1902, the said Elizabeth L. Hughes undertook, by a bargain and sale deed, to convey the real estate in question to her husband, Augustus S. Hughes.   James J. Hanigan, the creator of the trust, then was and still is living, and the sole question in the case is whether or not Mrs. Hughes took under the trust deed any estate, vested or contingent, which she could convey to her husband or which can be reached by his or her creditors.

I can see no distinction between this case and *Whittemore* v. *Equitable Trust Company* (162 App. Div. 607), decided by an unanimous court in 1914, except that in that case the trust related to personal property and here it relates to real estate. There as here the trust term was for the life of the grantor, and the direction to the trustee was to distribute, at the end of the term, to the persons who would have been entitled to take if no such direction had been made.   As was pointed out in that case, the question whether the trust deed created a present interest in the persons who were ultimately to receive the property was one of construction, and in my opinion the same rule of construction that we applied in the *Whittemore* case should be applied to the present, and unless we were wrong then the present judgment must be reversed.   Upon a reconsideration of the question involved I am convinced that we were not wrong. An examination of the deed from Hanigan to Bassford shows very clearly, as I think, that the dominant purpose in making the deed was to relieve the grantor from the burden of caring for the property, and perhaps to protect himself against the

consequences of his own possible improvidence. That it was not intended that the trust was necessarily to be permanent even during the lifetime of the grantor is evidenced by the provision that the trustee might relinquish at any time. Furthermore, the deed contains no words of gift to the heirs. There is merely a direction that when the trust term ended by the death of the grantor the trustee should convey to the heirs, being the persons who would inherit in the absence of such a conveyance. This direction was doubtless unnecessary, but it should not for that reason be given a strained significance. It was probably inserted out of abundant caution, lest at the end of the trust term some difficulty should be found in clearing up the title of record. The heirs will not be bound to accept a deed from the trustee, and acceptance is as essential to the validity of a disposition by deed as is a delivery. If they choose to refuse to accept such a deed and stand upon their legal rights they will take by inheritance and will take nothing under the deed. But merely as prospective heirs at law they acquire no estate during the lifetime of their ancestor which is descendible, devisable or alienable.

If, as I consider, the deed gave to the heirs no estate vested or contingent it is unnecessary to discuss the rule in *Shelley's Case* (1 Coke, 104a) or *Moore* v. *Littel* (41 N. Y. 66) and kindred cases.

In my opinion Mrs. Hughes took no estate or interest whatever in the land under the deed from her father to Bassford, and, consequently, her deed to her husband conveyed nothing. There is, consequently, nothing which the creditors of Mr. and Mrs. Hughes can reach in this action.

For these reasons the judgment appealed from should be reversed and judgment directed in favor of the defendants dismissing the complaint upon the merits, with costs in this court and the court below.

Clarke, P. J., Laughlin and Dowling, JJ., concurred; Page, J., dissented.

Page, J. (dissenting):

The question involved in this appeal is whether Elizabeth L. Hughes had an interest in the said property which was alien-

able and passed by virtue of the conveyance to Augustus S. Hughes, her husband.

In determining this question the existence of a power in the trustee to sell the property does not change the nature or quality of the ulterior limitations of the deed of trust, and they will take effect subject to the exercise of the power. We may, therefore, in our consideration of the case, disregard entirely the provisions of the deed concerning the power of sale vested in the trustee, nor does the power of revocation, in my opinion, have any effect upon the result in this case. Such a power of revocation vested in a trustee has been sustained. (*Schreyer* v. *Schreyer*, 101 App. Div. 456; affd., 182 N. Y. 555.) I am unable to find a reported case in which the effect of such a power of revocation upon the remainders created by a deed or devise has been adjudicated. It is well settled that the existence of an unexecuted power of appointment will have no effect upon remainders limited to take effect in default of the exercise of such power, and such remainders will vest subject to be divested by the appointment, if made. This was true both at common law and under the Real Property Law. (*Root* v. *Stuyvesant*, 18 Wend. 257; *Matter of Haggerty*, 128 App. Div. 479; Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 41.) A power of revocation, while not identical with a power of appointment, would have the same effect upon the ulterior limitations, namely, to cut them off completely by a conveyance of the property to some other person. It would seem, therefore, that the same rule which obtains in the case of a power of appointment should be applied to an ulterior limitation following a power of revocation. I will accordingly pass to a consideration of the provision of the deed that upon the death of the life beneficiary the trustee "shall convey the said premises * * * to the heirs-at-law of" the said life beneficiary. It seems to me that this direction is merely a channel of conveyance by means of a trustee, and the language of the instrument is equivalent to a direction that upon the death of the life beneficiary there be a remainder to his heirs.

Under the rule in *Shelley's* case, a gift to A for life with remainder to his heirs created a fee in the first taker and dur-

ing the life of A his heirs had no interest in the property, but took by descent upon the death of their ancestor A. This rule has been abrogated by statute in this State, which statute as re-enacted in the Real Property Law (§ 54) provides: " Where a remainder shall be limited to the heirs  *  *  * of a person to whom a life estate in the same premises is given, the persons who, on the termination of the life estate, are the heirs  *  *  * of such tenant for life, shall take as purchasers, by virtue of the remainder so limited to them." In the present case the life estate of the ancestor of Elizabeth L. Hughes is an equitable one and even before the passage of the statute abolishing the rule in *Shelley's* case, would not have been within the rule, by reason of that fact, and she would take after the death of her father, by purchase through the deed and not by descent. Had the grant to the trustee emanated from a stranger and not from the life beneficiary, there could be no doubt that the heirs of the life beneficiary under this instrument would take by purchase. It seems to me that it is doing violence to the language of the instrument to hold otherwise merely because the grantor happened to be also the ancestor and because the fee would descend to the heirs in any event if he failed to dispose of it. He has made a deed drawn in legal terminology, presumptively by one learned in the law. The direction to the trustee to convey the property to his heirs after his death if construed merely as a direction to allow the property to pass according to law by descent, was entirely unnecessary for the property would have so descended without such a direction. Why presume that the grantor intended to insert a totally unnecessary clause in his deed? Is it not more probable that the words were used for a definite purpose and that he desired to divest himself entirely of his control over the property and to grant a future interest therein to such persons as might be his heirs at law at the time of his death? If this clause of the deed is construed to mean what it plainly says, the heirs of the grantor will, at his death, take by purchase, and the limitation is clearly a remainder to a class. But, it is said, there can be no " heirs " of a living person. Section 54 of the Real Property Law, quoted above, completely answers this and shows that under the law of this State there

can be a remainder to the heirs of a living person. True, until the death of the life beneficiary, it is subject to be opened up for the inclusion of new members. Also, those presumptively heirs can only remain so by surviving the event, but these features are true of all class limitations. It seems to me that the conclusion is irresistible that Elizabeth L. Hughes will take the property by purchase through the trust deed upon the death of her father. If so, she has an interest in the deed and it cannot be revoked without her consent. Whether this interest be deemed vested or contingent, it is a remainder and is alienable and passed to her grantee subject to being divested by her death prior to that of the life tenant or by the exercise of some of the powers contained in the trust deed. (*Moore* v. *Littel*, 41 N. Y. 66; *Clowe* v. *Seavey*, 208 id. 496.)

The only case in an appellate court in this State which appears to hold contrary to this conclusion is *Whittemore* v. *Equitable Trust Company* (162 App. Div. 607), in which this court in construing a provision of a deed of trust relating to personal property only, which directed the trustee to pay the income and so much of the principal as was necessary for her support to the grantor for life, "and upon her death to distribute the principal of said trust fund then remaining undisposed of hereunder among her next of kin," held that the grantor had no intention of creating an ulterior limitation to such persons as might answer the description of "next of kin" at the time of her death, but merely intended to provide that the property be distributed according to law. With this finding as a premise the court then rightly proceeded to hold that an interest as presumptive heir or next of kin of a living person is a mere possibility and is not an interest which the law recognizes. The case depends upon its own finding as to the intent of the grantor as disclosed by the language of the deed there involved, and should not be extended beyond the facts peculiar to that case.

Granted, in the instant case, that the appellant Elizabeth L. Hughes has a remainder interest in the deed of trust, there can be no question under our statutes that she is a "person in being, * * * who, if the life estate should now cease, would *eo instanti et ipso facto*, have an immediate right of possession"

and "the remainder is vested, and, by necessary consequence, all the contingencies which may operate to defeat the right of possession are to operate and only to operate as conditions subsequent." (*Moore* v. *Littel, supra.*) It is clear under the decisions above cited that the interest of the appellant Elizabeth L. Hughes is alienable, and passed to Augustus S. Hughes.

The judgment impressing a trust upon such remainder in behalf of the creditors of Augustus S. Hughes is, in my opinion, right and should be affirmed, with costs.

Judgment reversed and judgment directed in favor of defendants dismissing complaint upon the merits, with costs in this court and in the court below. Order to be settled on notice.