AUGUSTA DOCTOR   et al., Appellants, *v.* AUGUSTUS S. HUGHES et al., Respondents, and JAMES FRANK, as Trustee in Bankruptcy of ELIZABETH L. HUGHES, Appellant, Impleaded with Another.

**Real property — trusts — remainders — reversion — express trust conveying real property to trustee to pay income thereof to grantor with directions to convey to grantor's heirs upon his death — when such trust does not transform the reversion to grantor's heirs into a remainder.**

1. Where there was no adequate disclosure of a purpose in the mind of a grantor, who created a trust, to vest his presumptive heirs with rights which it would be beyond his power to defeat, and the grant by its terms was subject to destruction at the will of the trustee, it was also subject to destruction, as against the heirs at law, at the will of the grantor. They had an expectancy but no estate.

20

2. Where an express trust is created, every legal estate and interest not embraced in the trust, and not otherwise disposed of, shall remain in or revert to the person creating the trust or his heirs (Real Property Law, § 102), and where the owner of real property conveyed it to a trustee to pay to grantor a certain sum from the rents and profits and also some debts and mortgages on the property, the trustee to have power to mortgage for the payment of liens and also to sell or reconvey to the grantor, and upon the death of the grantor the property, if not sold, to be conveyed to his heirs at law, or, if sold, the remainder of the proceeds of sale to be paid to them, such trust did not create a life estate in the trustee with remainder over to the heirs of grantor. His heirs at law, if they receive anything on his death, will take by descent and not by purchase, and hence there is nothing that creditors of such heirs can seize.

*Doctor* v. *Hughes*, 174 App. Div. 767, affirmed.

(Argued December 10, 1918; decided January 14, 1919.)

APPEAL from a judgment entered December 12, 1916, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*M. G. Holstein* for plaintiffs, appellants. Under the deed of trust made by her father, the defendant Elizabeth L. Hughes is a person in being who would have an immediate right to the possession of one-half of the trust estate on the determination of the precedent estate by the death of her father, and her interest, whether vested or contingent, is descendible, devisable and alienable in the same manner as an estate in possession. (*Moore* v. *Littel,* 41 N. Y. 66; *Clowe* v. *Seavey,* 208 N. Y. 496; *Jackson* v. *Sheridan,* 50 N. Y. 660; *Jackson* v. *Littell,* 56 N. Y. 111; *House* v. *McCormick,* 57 N. Y. 316; *Smith* v. *Scholtz,* 68 N. Y. 61; *Kelso* v. *Lorillard,* 85 N. Y.

184; *Surdam* v. *Cornell,* 116 N. Y. 309; *Campbell* v. *Stokes,* 142 N. Y. 30; *Losey* v. *Stanley,* 147 N. Y. 567; *Matter of Dows,* 167 N. Y. 233; *Dougherty* v. *Thompson,* 167 N. Y. 487; *Baltes* v. *Union Trust Co.,* 180 N. Y. 187; *Matter of Easterly,* 202 N. Y. 474.) The interest of the defendant Elizabeth L. Hughes under the deed of trust executed by her father constitutes " property " held in trust for her within the meaning of article 1, title 4, chapter 15, of the Code of Civil Procedure, and this action in equity is properly brought to reach the same. (*Bergmann* v. *Lord,* 194 N. Y. 70; *Degraw* v. *Clason,* 11 Paige, 136; *Stringer* v. *Young,* 191 N. Y. 157; *Smith .* v. *Edwards,* 88 N. Y. 92; *Ham* v. *Van Orden,* 84 N. Y. 257; *Williams* v. *Thorn,* 70 N. Y. 270; *Wetmore* v. *Truslow,* 51 N. Y. 338; *Burrill* v. *Sheil,* 2 Barb. 457; *Lawrence* v. *Bayard,* 7 Paige, 70; *Hallett* v. *Thompson,* 5 Paige, 583; *Zarthan* v. *Ditmars,* 37 App. Div. 173.)

*James Frank* for defendant, appellant. The interest of the defendant Elizabeth L. Hughes under the deed of trust made by her father constituted " property " and, subject to the life estate of her father, she had an undivided one-half interest in the corpus of the trust, her interest being either vested or contingent. In either case, it was " property " and her conveyance on June 12, 1902, to her husband, the defendant Augustus S. Hughes, constituted a transfer of property. (*Clowe* v. *Seavey,* 208 N. Y. 496; *Moore* v. *Littel,* 41 N. Y. 66; *Ham* v. *Van Orden,* 84 N. Y. 257; *Beardsley* v. *Hotchkiss,* 96 N. Y. 201; *Dodge* v. *Stevens,* 105 N. Y. 585; *Griffin* v. *Shepard,* 124 N. Y. 70; *Matter of Pell,* 171 N. Y. 48; *Roosa* v. *Harrington,* 171 N. Y. 341; *Baltes* v. *Union Trust Co. of N. Y.,* 180 N. Y. 183; *Nat. Park Bank* v. *Billings,* 144 App. Div. 536; 203 N. Y. 556; *Bergmann* v. *Lord,* 194 N. Y. 70.) Such interest of the defendant Elizabeth L. Hughes under the deed of trust made by her father

was a vested remainder — vested in her and her sister Sara E. Techt — the enjoyment only being postponed until the death of their father. (*Roosa* v. *Harrington*, 171 N. Y. 341; *Lytle* v. *Beveridge*, 58 N. Y. 592; *Miller* v. *Von Schwarzenstein*, 51 App. Div. 18; *Manice* v. *Manice*, 43 N. Y. 303; *Embury* v. *Sheldon*, 68 N. Y. 227; *Thomson* v. *Hill*, 87 Hun, 111; *Hersee* v. *Simpson*, 154 N. Y. 496; *Johnson* v. *Brasington*, 156 N. Y. 181; *Riker* v. *Gwynne*, 201 N. Y. 143; *Bushnell* v. *Carpenter*, 92 N. Y. 270.)

*Joseph Day Lee* for respondent. In directing that, upon the death of the settlor, the trustee should convey the trust estate to the grantor's heirs at law, there was no intention to create any kind of remainder, ether vested or contingent, in those who might then answer that description, but merely intended to direct that the property should pass according to law. (*Whittemore* v. *Equitable Trust Co.*, 162 App. Div. 607; *Goodwin* v. *B. T. Co.*, 87 Misc. Rep. 130; *Cram* v. *Walker*, 173 App. Div. 804.)

CARDOZO, J. The action is brought by judgment creditors to subject what is alleged to be an interest in real property to the lien of a judgment.

In January, 1899, James J. Hanigan conveyed to a trustee a house and lot in the city of New York. The conveyance was in trust to pay from the rents and profits to the use of the grantor the yearly sum of $1,500. The payments might, however, exceed that sum in the discretion of the trustee. Direction was also made for the payment of some debts, and for the payment of two mortgages then liens upon the property. The trustee was empowered to mortgage, in order to pay existing liens, or to carry into effect the other provisions of the deed. He was also empowered to sell. Upon the death of the grantor, he was to " convey the said premises (if not sold) to the heirs at law of the party of the first part." In

case of a sale, he was to pay to the heirs at law "the balance of the avails of sale remaining unexpended." He was authorized at any time, if he so desired, to reconvey the premises to the grantor, and thus terminate the trust.

At the trial of this action, the grantor was still alive. His sole descendants were two daughters. By deed executed in June, 1902, one of the daughters, Mrs. Hughes, conveyed to her husband all her interest in this real estate. Judgment against Mr. and Mrs. Hughes for upwards of $4,000 was afterwards recovered by the plaintiffs. The question to be determined is whether either judgment debtor has any interest in the land. The Special Term held that there passed to Mr. Hughes under the conveyance from his wife an estate in remainder which was subject to the claims of creditors. The Appellate Division held that the creator of the trust did not intend to give a remainder to any one; that his heirs at law, if they receive anything on his death, will take by descent and not by purchase; and hence that there is nothing that creditors can seize.

We reach the same conclusion. The direction to the trustee is the superfluous expression of a duty imposed by law. "Where an express trust is created, every legal estate and interest not embraced in the trust, and not otherwise disposed of, shall remain in or revert to, the person creating the trust or his heirs" (Real Prop. Law, sec. 102; Consol. Laws, chap. 50). What is left is not a remainder (Real Prop. Law, sec. 38), but a reversion (Real Prop. Law, sec. 39). To such a situation neither the rule in *Shelley's* case (1 Coke Rep. 104), nor the statute abrogating the rule (Real Prop. Law, sec. 54), applies. The heirs mentioned in this deed are not "the heirs of a person to whom a life estate in the same premises is given" (Real Prop. Law, sec. 54). The life estate belongs to the trustee. The heirs are the heirs of the

grantor. There is no doubt that a gift to A for life with remainder to A's heirs, gives to such heirs a vested, though defeasible, estate (*Moore* v. *Littel*, 41 N. Y. 66; *Clowe* v. *Seavey*, 208 N. Y. 496, 502). But here the question is not whether a remainder is contingent or vested. The question is whether there is any remainder at all. In the solution of that problem, the distinction is vital between gifts to the heirs of the holder of a particular estate, and gifts or attempted gifts to the heirs of the grantor. " A man cannot either by conveyance at the common law, by limitation of uses, or devise, make his right heir a purchaser" (*Pibus* v. *Mitford*, 1674, 1 Vent. 372; *Read* v. *Erington*, 1594, Cro. Eliz. 322; *Bingham's Case*, 2 Co. Rep. 91 a, 91 b; *Cholmondeley* v. *Maxey*, 12 East, 589, 603, 604). " It is a positive rule of our law" (Hargrave's Law Tracts, 1787, p. 571). " If a man make a gift in taile, or a lease for life, the remainder to his own right heirs, this remainder is void, and he hath the reversion in him; for the ancestor during his life beareth in his body (in judgment of law) all his heires, and therefore, it is truly said that *hœres est pars antecessoris*" (Coke Litt. 22b). To the same effect are all the commentators (1 Fearne Contingent Rem. 21; 2 id. 205 [sec. 389]; 2 Washburn on Real Prop. [6th ed.] sec. 1525; Vin. Abr., Rem. A, p. 11; Bacon Abr., Uses, B2; Gilbert Uses, 20; Preston on Estates, 291; 24 Halsbury, Laws of England, pp. 213, 214). The heirs have a mere expectancy, *spes successionis* (*Matter of Parsons*, L. R. 45 Ch. D. 51, 55), which may be barred by deed or will. This rule that a reservation to the heirs of the grantor is equivalent to the reservation of a reversion to the grantor himself, is not to be confused with the rule in *Shelley's* case. The two are quite distinct (*Alexander* v. *de Kermel*, 81 Ky. 345, 351, 352). The one " applies only to the acts of an ancestor as between him and his own heirs " (Hargrave,

*supra*).    The other is confined to the limitation of an estate of inheritance to the heirs of a person who has taken under the same instrument a prior estate of freehold (*Campbell* v. *Rawdon*, 18 N. Y. 412, 420; 29 L. R. A. N. S. 1016).

At common law, therefore, and under common-law conveyances, this direction to transfer the estate to the heirs of the grantor would indubitably have been equivalent to the reservation of a reversion. In England, the rule has been changed by statute. The Inheritance Act of 1833 provides (3 & 4 Wm. IV, chap. 106, sec. 3) that " when any land shall have been limited by any assurance    *  *  *  to the person or to the heirs of the person who shall thereby have conveyed the same land, such person shall be considered to have acquired the same as a purchaser by virtue of such assurance, and shall not be considered to be entitled thereto as his former estate or part thereof." But in the absence of modifying statute, the rule persists to-day, at least as a rule of construction, if not as one of property. There are modern instances of its application to facts hardly to be distinguished from those of the case at bar (*Alexander* v. *de Kermel*, 81 Ky. 345; *Akers* v. *Clark*, 184 Ill. 136; *Hobbie* v. *Ogden*, 178 Ill 357; *Robinson* v. *Blankenship*, 116 Tenn. 394). The reservation of a reversion is not inconsistent with the creation of a trust to continue until the death of the reversioner (*Doane* v. *Mercantile Trust Co.*, 160 N. Y. 494; *Matter of Asch*, 75 App. Div. 486, 495). We do not say that the ancient rule survives as an absolute prohibition limiting the power of a grantor. At the outset, probably, like the rule in *Shelley's* case (*Webb* v. *Sweet*, 187 N. Y. 172, 176), it was a rule, not of construction, but of property. But it was never applied in all its rigor to executory trusts (*Sackville-West* v. *Holmesdale*, L. R. 4 H. L. 543; *Cushing* v. *Blake*, 30 N. J. Eq. 689; *Locke* v. *Southwood*,

1 My. & Cr. 411; *Trevor* v. *Trevor*, 1 P. Wms. 622, 631; *S. C.*, 1 Eq. Cas. Abr. 387, 391; affd., 5 Bro. P. C. 122; 29 L. R. A. N. S. 1136; Watkins on Descents, p. 145; Fearne Cont. Rem., p. 145; Halsbury, *supra,* p. 214), which were "moulded by the court as best to answer the intent of the person creating them" (Watkins, *supra*). We may assume that this is the principle that would control the courts to-day. Executory limitations are no longer distinguished from remainders, but are grouped with them as future estates (Real Prop. Law, secs. 36, 37; *Tilden* v. *Green*, 130 N. Y. 29, 47), and deeds, like wills, must be so construed as to effectuate the purpose of the grantor (Real Prop. Law, sec. 240, subd. 3). There may be times, therefore, when a reference to the heirs of the grantor will be regarded as the gift of a remainder, and will vest title in the heirs presumptive as upon a gift to the heirs of others (*Whipple* v. *Fairchild*, 139 Mass. 262; *Heard* v. *Horton*, 1 Denio, 165; *Moore* v. *Littel, supra;* 2 Fearne Cont. Rem., p. 202, sec. 388). Even at common law, a distinction was taken between grants to the heirs as such, and grants where the reference to heirs was a mere *descriptio personarum* (*Brown* v. *Lyon*, 6 N. Y. 419, 421; *Heard* v. *Horton, supra;* 29 L. R. A. N. S. 1012). But at least the ancient rule survives to this extent, that to transform into a remainder what would ordinarily be a reversion, the intention to work the transformation must be clearly expressed. Here there is no clear expression of such a purpose. No doubt there are circumstances on which it is possible to build an argument. The grantor instructs the trustee, at the end of the life estate, to convey the land (if unsold) to the heirs, and if there has been a sale to pay the proceeds to the heirs. The more appropriate direction, if the grantor retained a reversion, would have been for payment of the proceeds of any sale to the executors or next of kin. "If the ancestor devises his

estate to his heir at law by will, with other limitations, or in any other shape than the course of descents would direct, such heir shall take by purchase " (2 Bl. Comm. 241). But the words heirs and next of kin are often employed as interchangeable. In this instance, the two classes are in. fact identical. Nothing in the surrounding circumstances suggests a purpose to vary the course of descent or distribution as it would be regulated by law. If that is so, the courts are not to be controlled by mere inaccuracies of expression (*Lawton* v. *Corlies*, 127 N. Y. 100, 106, 108; *Montignani* v. *Blade*, 145 N. Y. 111, 122; *Matter of James*, 80 Hun, 371; *Matter of Fidelity Trust & Guaranty Co.*, 57 App. Div. 532, 539; *White* v. *Stanfield*, 146 Mass. 424, 434; *Kendall* v. *Gleason*, 152 Mass. 457, 462). Such slips of speech might be significant if we were construing an admitted remainder. They do not turn into a remainder what would otherwise be a reversion. There is no adequate disclosure of a purpose in the mind of this grantor to vest his presumptive heirs with rights which it would be beyond his power to defeat. No one is heir to the living; and seldom do the living mean to forego the power of disposition during life by the direction that upon death there shall be a transfer to their heirs. This grant by its terms was subject to destruction at the will of the trustee. We think it was also subject to destruction, as against the heirs at law, at the will of the grantor. They had an expectancy, but no estate.

The judgment should be affirmed with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, POUND and ANDREWS, JJ., concur.

Judgment affirmed.