ELLA M. SCHWARTZ, Plaintiff, v. FULTON TRUST COMPANY OF NEW YORK, Defendant.

Supreme Court, New York Special Term, December, 1922.

**Trusts — deed of trust — when no estates in remainder created — when settlor who is sole beneficiary may revoke at pleasure.**

A provision in a trust deed that the settlor intends to grant vested interests in remainder to such persons as she may designate in her will to take or, in default thereof, in her next of kin, creates no estate in any one.

Where such a trust deed names the settlor herself as sole beneficiary during her life she may revoke it at pleasure, even though it recites that it is irrevocable.

SUIT to revoke deed of trust.

*McIntyre & O'Leary*, for plaintiff.

*De Witt, Lockman & De Witt*, for defendant.

McAVOY, J. The deed of trust which is by this action sought to be declared revoked was created by plaintiff herself as the settlor for her own life, and its beneficiaries after her death were to be designees, whom she might by will appoint, and in default of such designation the persons who would take if she died intestate under New York law. Her declaration in the deed that she deemed the trust irrevocable did not prevent her from making a revocation, as the law but requires the consent of all persons beneficially interested to consent to a revocation in order to make the termination of a trust effective, and whether a settlor declares a deed of trust irrevocable or not the combined consent of all who have a beneficial interest will revoke the apparent irrevocability. The unusual feature here is a declaration by the settlor that she does by the instrument intend to grant and convey forthwith upon the execution hereof vested interests in those persons to be designated by her will, or in default thereof the persons who would be entitled to take under the intestate laws of New York at the time of her death. If this declaration vests any estate for life or years or any possessory or expectant estate in any person or persons, that person and those persons must join in the consent to revoke. While the declaration asserts a vesting of interest, if what is attempted to be granted and conveyed is not an estate recognized by the laws regulating personal property in this state, there can be no vested or contingent estate transferred, and hence no beneficial interest. Estates are

either those in possession or in expectancy. Obviously this proposed grant is that of the latter class. It is purposed to make the grant contingent upon the happening of an event, to wit, the death of the settlor without a designation of appointees to take the corpus. The terms of the instrument grant nothing more than the law would give if the same contingency should eventuate, because the personal property on the death of the settlor would be distributed among her next of kin according to New York law in the absence of a testamentary disposition or appointment. These persons, whoever they may be at death, have no more interest now than they had without this instrument. They may be defeated by a will under the instrument. They could have been deprived of intestate succession without this instrument's creation of a condition. They are persons now unknown and unknowable. *Nemo est hæres viventis.* An expectant estate, to be in conformity with law, must be descendible, devisable and alienable in the same manner as an estate in possession. Is there any class of persons in being who could assert that they are the only persons who could under any contingency possible of happening devise or alien this supposed estate? Is it possible to assert it is descendible from any class now in being, or from any beings capable of being identified as sure to pass it at settlor's death? Assuredly not. It is, then, no estate, and thinking cannot make it so, nor can mere nomenclature give it attributes only possible of creation by sovereign law. Not being descendible, devisable or alienable, it is an entity uncreated in law and not possible, therefore, of possessing " beneficial interest " for or vesting such in anybody. I hold that the settlor can terminate the trust. Present decision and judgment on one day's notice.

Judgment accordingly.