PAUL BERLENBACH, Plaintiff, *v.* CHEMICAL BANK AND TRUST COMPANY, as Successor by Merger to UNITED STATES MORTGAGE AND TRUST COMPANY, Defendant.

First Department, April 15, 1932.

*James V. Hayes* of counsel [*Hayes & Uihlein*, attorneys], for the plaintiff.

*Carroll G. Walter* of counsel [*Patterson, Eagle, Greenough & Day*, attorneys], for the defendant.

SHERMAN, J. Upon this agreed submission of facts for decision by this court in the first instance the following facts appear:

On February 3, 1927, plaintiff executed a deed of trust to the United States Mortgage and Trust Company, which was later merged into the Chemical Bank and Trust Company. On December 15, 1931, he served upon defendant written notice of demand for revocation of said trust instrument, and at the same time delivered to it a written consent to its revocation executed by himself.

Plaintiff has a wife and infant child, both of whom are living.

By the trust indenture the trustee is directed to receive, hold, invest and reinvest the property transferred by the plaintiff grantor and to pay the net income to him " during his life but not exceeding a period of twenty years," and upon the expiration of that period to pay over the principal to the plaintiff, if he be then living. Upon the death of the plaintiff before the expiration of the twenty-year period, the trustee is directed " to pay over the principal of the trust estate to such person or persons as the grantor may, by his last will and testament, appoint, or in default of such appointment, to the persons entitled under his will to his residuary estate, or if he die intestate, to the persons entitled to receive his personal property in case of intestacy."

We find in the indenture the following provision: " The grantor hereby agrees with the trustee that in consideration of its acceptance of the trust hereby created and of its consent to act as trustee hereunder, this agreement and the trust hereby created shall be irrevocable by him."

It is defendant's claim that the trust cannot be revoked, *first*, because of the above covenant by plaintiff against revocation, and, *second*, because the wife and infant son are persons beneficially interested in the deed of trust and their consent to revocation has not been obtained.

Plaintiff urges that he is the sole person beneficially interested in the trust, within the meaning of section 23 of the Personal Property Law, and that having given his consent, he is entitled to its revocation.

It has been held (*Aranyi* v. *Bankers Trust Co.*, 201 App. Div. 706; *Schwartz* v. *Fulton Trust Co.*, 119 Misc. 831; *Franklin* v. *Chatham Phenix National Bank & Trust Co.*, 234 App. Div. 369) that neither a failure to reserve the right to revoke, nor a provision in the agreement that the trust shall be irrevocable, will destroy the grantor's statutory right of revocation. Here there is an affirmative agreement against revocation of the trust upon the special consideration that the trustee accept and consent to act thereunder. We are not unmindful that plaintiff may have had in mind the statute and perhaps inserted this provision with the design to protect himself as beneficiary against his own future improvidence. Whether he could so contract as to make irrevocability impossible or deny himself the right to the privilege of revocation given by section 23, is not before us for decision because defendant, in its brief, " formally and expressly disclaims any desire or intent to invoke any contractual right which it personally may have to keep the trust in existence." That leaves for determination whether any person, other than plaintiff, is beneficially interested in the trust.

It is defendant's contention that plaintiff's wife and son are persons in being who have been given a remainder under the indenture. Defendant relies on *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298), frequently referred to as the "Second Whittemore case." There three settlors transferred property to a trustee to pay the income to two specifically mentioned beneficiaries during life and upon their deaths to pay the principal to the settlors, if living, and if not living, to pay the principal as he or she by last will and testament might appoint, or in default of such appointment, to such persons as the same would have been distributable to if the settlor had been the owner at the time of his or her death and had died intestate. The first life tenant survived the second life tenant, and the first life tenant then consented to the revocation as sought by the settlors. The Court of Appeals held that the spouses and infant children of the settlors (p. 302) "were given a vested remainder, which might be divested by the last will and testament of the settlor; it could not be divested by the deed or assignment of the settlor."

Here the situation is different. We hold that there was no intent to create a vested remainder. No person other than plaintiff is specifically mentioned as a beneficiary; the income is made payable to plaintiff for a period of twenty years, at the expiration of which the principal is to be transferred to him. The trustee is without power to change the investments constituting the trust estate without the grantor's consent. Throughout, the intent of the grantor to make himself the virtual sole beneficiary is manifest.

Plaintiff relies upon *Doctor* v. *Hughes* (225 N. Y. 305, 312) wherein CARDOZO, J., stated: "There may be times, therefore, when a reference to the heirs of the grantor will be regarded as the gift of a remainder, and will vest title in the heirs presumptive as upon a gift to the heirs of others. * * * Even at common law, a distinction was taken between grants to the heirs as such, and grants where the reference to heirs was a mere *descriptio personarum.* * * * But at least the ancient rule survives to this extent, that to transform into a remainder what would ordinarily be a reversion, the intention to work the transformation must be clearly expressed." Indeed, the cases of *Doctor* v. *Hughes* (*supra*) and the "Second Whittemore case" are not, as defendant contends, irreconcilable. The result in each case depended upon the intent of the creator of the trust estate as gathered from the trust instrument taken as a whole. As "no one is heir to the living" (*Doctor* v. *Hughes, supra,* 313), the rule is that a grant to one's next of kin creates a reversion in the grantor and gives nothing to the next of

kin by way of remainder unless there be unambiguous and unequivocal language indicating a contrary intent.

In construing the particular agreement before it in the " Second Whittemore " case, the Court of Appeals reiterated the rule (p. 302) that " This is all a matter of intention. The creator of a trust can do as he pleases with his property and the courts look to his words to guide them in decisions."

Examining the indenture here, we find that the only contingency upon which some one other than plaintiff could acquire an interest, would be his death prior to the expiration of the twenty-year period. In making himself the sole beneficiary for twenty years, and providing that then the estate return to him, if he be then living, and not giving the trustee full control over the investments of the fund, it is obvious that he erected this trust for his own benefit. If the grantor had intended to strip himself of all rights and to create a remainder in his next of kin which could be divested only by the exercise of the power of appointment, he would have omitted some of those provisions and inserted such as would unmistakably have so stated. His intent was that the property was to return to the donor if he live long enough, and if not, that it should then go to his legatees or next of kin, and that in either event it would go as his property. (The next of kin would take by descent and not by purchase.) No remainder was created. This case is governed by decisions of this court in *Stella* v. *New York Trust Co.* (224 App. Div. 50) and *Franklin* v. *Chatham Phenix National Bank & Trust Co.* (234 id. 369). The next of kin have an expectancy, but no estate.

Accordingly, plaintiff is entitled to judgment revoking the deed of trust dated February 3, 1927, but without costs under the stipulation.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment directed for plaintiff revoking deed of trust, without costs. Settle order on notice.