GRACE M. GRAHAM, Plaintiff, *v.* THE MANUFACTURERS NATIONAL BANK OF TROY, as Trustee under an Agreement Dated July 24th, 1939, between Plaintiff and Defendant, Defendant.

Third Department, January 8, 1941.

*Frederick S. Rauber* [*Harry W. Alden* with him on the brief], for the plaintiff.

*Murphy, Aldrich, Guy & Broderick* [*John H. Broderick* of counsel], for the defendant.

HILL, P. J.   This controversy is submitted to the court under sections 546 and 547 of the Civil Practice Act.   The plaintiff seeks to revoke a trust of which defendant is the trustee.   She was formerly Grace M. Clifford, widow of Edward C. Clifford who died in 1936.   Their two daughters and her present husband join in the application for revocation.   The trust was created by plaintiff following an agreement of one of the daughters, Grace Clifford Price, to refrain from contesting the will of her father in which plaintiff was the sole legatee.   The consideration was a cash payment to her and the promise to set up a trust consisting of one-third of the net amount which plaintiff received under the will. The defendant-trustee was required under the trust agreement:

" 1. To pay the net income of said trust to the donor during her natural life in semi-annual installments.

" 2. Upon the death of the donor to pay and distribute the principal of said trust fund to Grace E. Price of Columbus, Ohio, if she be then living, and if she then be dead, to her issue, if any, and if there be no issue, then to the distributees of the said Grace M. Graham."

The parties above mentioned are still living and are all the persons beneficially interested in the trust, unless it be determined that the two infant children of Mrs. Price are persons beneficially interested, under section 23 of the Personal Property Law, where-under " Upon the written consent of all the persons beneficially interested in a trust in personal property " the donor or creator may revoke the same.

We are to determine whether under the trust agreement there is a reversion to the grantor's estate after her death, with the unexpended fund passing as in intestacy, or a remainder created, with those named taking by purchase under the trust agreement and not by inheritance. Plaintiff argues that a remainder is not created by an instrument which directs the payment of the income from a trust to the grantor during his life and upon his death the residue to be distributed among his heirs; that thereunder the heirs have an expectancy but no estate, as a reversion to the estate of the grantor is effected with the heirs taking by inheritance. The basis for this assertion is found in the early common law. The field was explored and phrased in Judge Cardozo's inimitable English when he wrote for the Court of Appeals in *Doctor* v. *Hughes* (225 N. Y. 305). He says (p. 310): " This rule that a reservation to the heirs of the grantor is equivalent to the reservation of a reversion to the grantor himself is not to be confused with the rule in *Shelley's* case," and (p. 311), " We do not say that the ancient rule survives as an absolute prohibition limiting the power of a grantor. At the outset, probably, like the rule in *Shelley's* case [citation], it was a rule, not of construction, but of property. But it was never applied in all its rigor to executory trusts [citations] which were ' moulded by the court as best to answer the intent of the person creating them ' [citation]." More recently in *Engel* v. *Guaranty Trust Co.* (280 N. Y. 43) the Court of Appeals has said that the rule contended for by the plaintiff is only a *prima facie* precept of construction which may serve to point the intent of the author if the meaning of the trust agreement is not plain. There is no ambiguity in the agreement under consideration. Giving full weight to the ancient doctrine of reversion, and even treating the rule as one of property and not of construction, it does not help the plaintiff, for here the remainder is not distributed as in intestacy, but passes to one of the grantor's two daughters if she be living, if not to her children, and only in the event of that daughter's death issueless before the death of the grantor does the remainder pass to the heirs of the grantor. Under these conditions, a remainder is created, in which the children of Grace E. Price, now in being, have an estate, possibly defeasible by death, also

the class to which the remainder is to pass may be enlarged by the birth of additional children, but nevertheless it is an estate and the children of Mrs. Price are persons beneficially interested in the trust, and the agreement may not be revoked without their written consent. (*Doctor* v. *Hughes, supra; Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298 — second *Whittemore* case; *Schoellkopf* v. *Marine Trust Co.*, 267 id. 358; *Engel* v. *Guaranty Trust Co., supra.*)

Judgment is rendered for the defendant, without costs.

CRAPSER, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Judgment rendered for the defendant, without costs.