Estate of Margaret Durbin Sibley, F. Harper Sibley, O'Donnell Iselin, and John A. Gade, Executors v. Commissioner.
Estate of Sibley v. Commissioner
Docket No. 534.
United States Tax Court
1944 Tax Ct. Memo LEXIS 67; 3 T.C.M. (CCH) 1154; T.C.M. (RIA) 44347; October 28, 1944
*67 Newton B. Castle, Esq., 910 Union Trust Bldg., Rochester, N.Y., for the petitioners. Bernard J. Long, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This proceeding involves an estate tax deficiency of $11,609.69. The sole question in issue is whether the respondent correctly included in decedent's gross estate the remainder values of three trusts which decedent created during her lifetime. The facts are stipulated. [The Facts] Decedent died testate on May 28, 1939, at the age of 87, a resident of Rochester, New York. An estate tax return was filed with the collector of internal revenue for the twenty-eighth district of New York, at Buffalo. On January 21, 1927, decedent created a trust for the benefit of Clara Radford and William Radford, transferring to Security Trust Company of Rochester securities of a value, at the valuation date (one year from the date of decedent's death), of $32,177. The income of the trust was to be paid to the named beneficiaries for life and upon the death of the survivor the principal was to be paid to "those persons and in the proportions provided by the laws of the State of New York for the distribution of the personal property *68 of the party of the first part [decedent] as though she then had died intestate." On October 20, 1930, decedent transferred in trust to the same corporate trustee securities of a value, at the valuation date, of $29,824.57 for the primary benefit of her granddaughter. Margaret D. Gade. The income of the trust was to be paid to or for the use of the beneficiary until she reached the age of 30 and the principal was to be paid to her absolutely. If she should die before reaching the age of 30 the principal and any undistributed income was to go to "the issue of said Margaret D. Gade, in equal shares per stirpes, or if she shall leave no issue to the issue of the Grantor then living in equal shares per stirpes." On December 20, 1934, the decedent transferred to the same trustee securities of a value, at the valuation date, of $16,458.63 for the benefit primarily of Elizabeth Sloan and Anne Sloan. The income was to be paid to the primary beneficiaries during their lives and upon the death of the survivor the principal was to be divided equally "among the Grantor's three children; Harper Sibley, Ruth Sibley Gade, and Margaret Urling Sibley Iselin, the issue of a deceased child *69 to take per stirpes the share which such deceased child would have taken if living." In case any of the grantor's children should die prior to the death of the survivor of the primary beneficiaries leaving no issue such child's share was to be divided among the grantor's other children, the issue of a deceased child to take per stirpes. The decedent was survived by her three children, Harper Sibley, age 54, Urling Sibley Iselin, age 47, and Ruth Sibley Gade, age 60, eleven grandchildren, and sixteen great grandchildren. William Radford, one of the beneficiaries of the first above described trust, predeceased the decedent. At the valuation date Clara Radford was 74 years of age, Margaret D. Gade was 28, Elizabeth Sloan was 56, and Anne Sloan was 30. The respondent contends that the transfers which decedent made to the above trusts were transfers intended to take effect in possession or enjoyment at or after death within the meaning of section 302 (c) of the Revenue Act of 1926, as amended (section 811 (c), Internal Revenue Code), and that the "present worth at the appropriate valuation date of the remainder interests" should be included in decedent's gross estate under *70 the doctrine of Helvering v. Hallock, 309 U.S. 106. The remainder value of such transfers as determined by the respondent in his deficiency notice was $83,620.73. The value of decedent's gross estate for basic tax as reported in the estate tax return was $412,107.20 which respondent in his deficiency notice increased to $480,609.87. In his brief the respondent states that: "This contention [the contention that the remainder values of the trust assets are includible in decedent's gross estate] is made with due deference to the decisions of this court to the contrary," citing Estate of Joseph K. Cass, 3 T.C. 562. We held in that case, following a rule established by cases therein cited, that a mere possibility of the reversion of an interest in trust assets to the grantor by operation of law, there being no expressed reservation of any such reversionary interest, does not require the inclusion of the trust assets in the gross estate under the doctrine of the Hallock case. In all three of the trusts here decedent made completed gifts of both the life estates and remainder interests in the trust assets. She retained *71 no reversionary interests or any right to change the beneficial interests. In the Radford trust the remainder interest after the life estates was to go to those persons who would be entitled under the laws of New York to share in the distribution of intestate personal property of the grantor. These prospective distributees comprised a broad and numerically large class of persons including the three living children, the eleven living grandchildren, and the sixteen great grandchildren. There could be no reversion to the grantor unless they all should predecease her; an extremely remote contingency. Final distribution of the remainder interest was in no way contingent upon, nor was it to be affected by, decedent's death. It was to be made upon the death of the last surviving life beneficiary, whether decedent was still alive or not, "as though she thee had died intestate." Thus, her death did not affect the time of the final distribution, the identity of the distributees, or the quantum of the final gifts. The situation was quite different from that in the Hallock case where upon termination of the single life estate in the wife the remainder of the trust principal was to revert *72 to the grantor if living, or if not, was to go to their children. In the Margaret D. Gade trust the principal was all to go to the life beneficiary when she should attain the age of 30. It could revert to the grantor only in the event that the life beneficiary should die before attaining the age of 30 leaving no issue (she was 28 years old at the date of decedent's death and had four living children), and in the further event that the grantor should then have no living issue. In the Sloan trust the remaining principal after the death of the surviving life beneficiary was to go in equal shares to the grantor's children or their issue. Only in the event that all of her children and their issue should predecease her would the principal ever revert to the grantor. In both of the latter trusts, as in the Radford trust, the death of the grantor did not in any way affect the gifts of the remainder interests in the trust assets. As to the Radford trust, respondent makes the argument that under the rule of construction adopted by the New York courts in Doctor v. Hughes, 225 N. Y. 305; 122 N.E. 221, and like cases which he cites, *73 the grantor in creating a life estate in one person and attempting, by the same instrument, to create a fee simple estate in favor of those who would ordinarily take by descent from her, retained a reversionary interest, rather than created a remainder interest in the trust assets. We rejected a similar contention made by the respondent in Estate of Mabel H. Houghton, 2 T.C. 871, on facts closely resembling those in the instant case. There the trust agreements provided that upon the death of the life beneficiaries the remainders were to pass to the grantor's descendants then living. We held that the grantor did not use the term "descendants" in a strict legal sense, as meaning those entitled to participate in the distribution of her estate who should survive her, Doctor v. Hughes, supra, but rather to designate those who would take the remainder interests immediately upon the death of the life beneficiaries, whether the grantor was still living or not. Such was clearly the intention of the grantor here. The facts here bring this case more in line with Commissioner v. Kellogg, 119 Fed. (2d) 54, *74 and Lloyd's Estate v. Commissioner, 141 Fed. (2d) 758, than with the cases relied upon by the respondent. Cf. Fidelity-Philadelphia Trust Co. et al., Executors (Stinson Estate) v. Rothensies, 142 Fed. (2d) 838, and Eldredge et al., Co-executors v. Rothensies, 157 Fed. Supp. 474, decided August 18, 1944, where, upon certain contingencies, the trust properties were to be subject to appointment by the will of the grantor. We think that the respondent was in error in including in decedent's gross estate any amount in respect of the remainders of any of the trusts. Decision well be entered under Rule 50.