243 P.2d 468

**DREYER v. LANGE.**

No. 5510.

Supreme Court of Arizona.

April 21, 1952.

Bryon M. Partridge and Head & Palmer, all of Prescott, for appellant.

Morgan & Locklear, of Prescott, for appellee.

PHELPS, Justice.

This is an appeal from a judgment of the superior court of Yavapai County granting the prayer of appellee's complaint to terminate a trust created by her, and directing that the trustee, appellant herein, file an accounting with the court and that he return to her the property belonging to the trust estate.

The facts are that appellee in 1947 was unmarried and not in good health. Her mother had recently died leaving appellee a considerable estate. The mother was a good business woman and had successfully managed her property during her lifetime. Appellee was wholly untrained in business affairs and was further handicapped at the time by the illness of her father who died within a few months thereafter.

On May 20, 1947, upon the advice of her father and others she entered into a trust agreement with her uncle, Robert Dreyer, appellant herein, in which she granted, transferred and set over to him all of her property wherever situated and of whatsoever kind, reserving therein the right to have paid to her the sum of $200 per month for the support of herself and her father during the time they were both alive and upon the death of either, $175 per month to be paid to the survivor during his or her lifetime. She further reserved the right to designate the beneficiaries under the trust, either by will or other suitable instrument, in writing, who were to receive the balance of the estate, if any, after the death of herself and her father. In the event, however, that she did not so designate such beneficiaries, the balance of the trust, if any be left, was to go to her heirs in equal shares on the Dreyer side of her family. The trust agreement further provided that appellant was to be paid out of the trust estate for his services, a commission of *not in excess of 3% of the gross estate per annum*. He has charged during this period the full amount allowed. The

agreement further provided that: "This trust shall be considered to be irrevocable."

According to appellant's accounting it is disclosed that at the time the trust was established the value of the corpus was $63,271.85 and that during the three and a half years of its existence the expenses and drawings in excess of revenues, amount to $9,866.75. During this three and a half year period according to appellee's statement, there was paid to her the sum of $8,075.00 and to the trustee the sum of $7,040.71 as and for costs of administration.

Appellee, in her cause of action, seeks to revoke the trust created by her and the attempt to do so is resisted by the trustee. The only question presented for our consideration is: Does appellee have the power of revocation under the terms of the trust created?

Counsel agree that if appellee (settlor) is the sole beneficiary under the trust created she has the right to revoke it at any time whether the purposes of the trust have been accomplished or not and even though the trust is declared to be irrevocable.

Appellee contends here that she is the sole beneficiary of the trust and appellant asserts she is not. The issue is one of law and was resolved in favor of appellee by the trial court. The solution of the question must be found in the interpretation of the following language according to the law applicable thereto:

"I hereby reserve the right to designate the beneficiaries under this trust who are to receive the balance of the Estate, if any, after the decease of myself and my father, either by Will or other suitable instrument in writing." And

"In the event I do not so designate beneficiaries to receive the balance of the corpus of the trust after the decease of myself and my father, then and in that event, the balance of the corpus of said trust, if any be left, shall go to my heirs in equal shares on the Dreyer side of my family."

It is argued by appellant that the above language creates a contingent or expectant remainder in settlor's heirs on the Dreyer side of her family. If this is true and it vests in such heirs a present interest in a future estate, then appellant's contention must be sustained for it is the universal rule that a trust may not be revoked without the consent of all interested parties, that is all of the persons having a beneficial interest.

However, before further discussing the effect of the language above quoted upon which appellant relies, let us observe that the rule in Shelly's Case (referred to in appellant's brief as having been abolished in Arizona) has no application in a conveyance of this character. The fact that the rule has been abolished in this state is immaterial. The rule in Shelly's Case applies only to conveyances where the heirs named therein are the heirs of the person to whom the life estate is conveyed. Doc-

tor v. Hughes, 225 N.Y. 305, 122 N.E. 221. Here as in the case just cited the life estate is in appellant trustee. The legal title to the property is vested in the trustee during the life of the settlor, she reserving the right to the usufruct thereof and the power to designate the beneficiaries after her death. The heirs to whom reference is made in the trust agreement are the heirs of the grantor (appellee), not the heirs of the trustee. Justice Cardozo in the case of Doctor v. Hughes, supra, clearly distinguishes the cases where the rule in Shelly's Case applies from those in which it does not.

 Justice Cardozo in that case also adopts the view which we believe to be sound, that where a settlor of a trust conveys the estate to another during his life, reserving the right to designate the beneficiaries of the estate after his death by will or other suitable instrument or in the event he fails to so designate them, that his heirs shall receive the estate, creates not a contingent estate in remainder but that such a clause amounts to a reservation of the reversionary interest in the settlor and that his heirs take by descent and not by purchase. The rule is further laid down in the cases, that while this is not a rule of property as it was held to be under the common law, it does continue in this country as a rule of construction unless it has been modified by statute. And unless the trust instrument clearly shows the intent to create an estate in remainder, whatever portion of the estate remains after the conveyance of the intermediate estate will be deemed to be a reversion rather than a remainder. We do not believe the language above quoted to the effect that upon failure of the settlor to designate beneficiaries of the estate by will or other suitable instrument, the property should go to the heirs on the Dreyer side of the family, is sufficient evidence to clearly evince an intent on her part to create a contingent remainder in her heirs on the Dreyer side of the family and thus take the instant case out of the rule above stated. This conclusion is based upon the fact that the language employed does not vest an alienable estate in the Dreyer heirs.

 The rule enunciated in Doctor v. Hughes, supra, is followed in many jurisdictions. A discussion of the rule is found in Scott on Trusts in Volume 1, page 657, section 127.1; the same rule is discussed in Burton v. Boren, 308 Ill. 440, 139 N.E. 868; Stephens v. Moore, 298 Mo. 215, 249 S.W. 601; Bottimore v. First & Merchants Nat. Bank, 170 Va. 221, 196 S.E. 593; Fidelity & Columbia Trust Co. v. Williams, 268 Ky. 671, 105 S.W.2d 814; and City Bank Farmers Trust Co. v. Miller, 278 N.Y. 134, 15 N.E.2d 553. This being a question of first impression in this state and there being no statutory modification of the rule, we believe we should adopt the rule of construction recognized above in cases like the one before us, and that unless the trust agreement clearly manifests the settlor's intent

to create a contingent remainder vesting a present interest in a future estate in his heirs or other persons, the interest of the grantor in such estate not conveyed to the trustee will be deemed to be a reversion. The Restatement of the Law of Trusts, Vol. 1, pp. 321, 322, section 127, reaches the same ultimate result.

Even if we were to interpret the instrument in question as creating an expectant estate in the settlor's heirs on the Dreyer side of her family, we are further of the view that section 71–116, A.C.A. 1939, has no application to the fact situation here. That statute when carefully studied, clearly shows that the restriction there imposed upon the power to destroy the expectant estate is directed to the holder of the life estate. No restrictions are attempted to be imposed upon the grantor or settlor of the life estate. In fact such restrictions could not be imposed upon the grantor except in those cases where the instrument conveys a future estate based upon a contingency that is certain to happen and which never could be defeated. In such a case the interest conveyed is a vested interest in a future estate and may not be destroyed either by the grantor or the holder of the life estate even in the absence of legislative restriction. Section 71–116, supra, simply provides that in cases like the one now before us the holder of the life estate, which is the trustee here, may not defeat an estate in expectancy except by the manner or means

provided in the instrument. It does not purport to say that the grantor may not destroy such expectant estate where he expressly reserves the right to do so by will or other suitable instrument.

We therefore hold that unless a conveyance of an expectant estate in trust is based upon a contingency that must inevitably happen, no vested interest in a future estate is created and that the person named therein does not become a beneficiary in law until the contingency happens. In the instant case the settlor expressly reserved the right to dispose of by suitable instrument (deed) whatever portion of her estate she desired during her life, subject only to the life estate of the trustee, or to dispose of by will whatever portion of her estate may be left at her death. Certainly it cannot be said that the trust instrument here under consideration created an alienable estate in settlor's heirs on the Dreyer side of her family. This must be true for the reason that their interest was subject to defeat either by deed during her life or by will at her death. The case of Schwartz v. Fulton Trust Co. of New York, 119 Misc. 831, 198 N.Y.S. 275, 276, involved the following facts: The settlor there executed a deed of trust to the Fulton Trust Company covering the property involved for her benefit during her own life and the beneficiaries of the trust after her death were to be designees, whom she might by will appoint, and in default of such designation, the persons who would take if she

died intestate under New York law. In the instant case the law of descent was changed but the principle stated in the New York decision nevertheless applies here. The court said in that case:

"Estates are either those in possession or in expectancy. Obviously, this proposed grant is that of the latter class. * * *

"An expectant estate, to be in conformity with law, must be descendible, devisable, and alienable in the same manner as an estate in possession. Is there any class of persons in being who could assert that they are the only persons who could under any contingency possible of happening devise or alien this supposed estate? Is it possible to assert it is descendible from any class now in being, or from any beings capable of being identified as sure to pass it at settlor's death? Assuredly not. It is, then, no estate, and thinking cannot make it so, nor can mere nomenclature give it attributes only possible of creation by sovereign law. Not being descendible, devisable, or alienable, it is an entity uncreated in law, and not possible, therefore, of possessing 'beneficial interest' for or vesting such in anybody. * * *"

We adopt the above statement of the law in this jurisdiction. It follows, therefore, that since the instrument in the instant case did not create in the heirs of the settlor on the Dreyer side of the family an alienable estate, i. e., a present interest in a future estate, it is an entity uncreated in law and not possible of possessing a beneficial interest.

For the reasons above stated the judgment of the lower court is affirmed.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE. JJ., concur.