### MARLER, et ux v. BRUNSON, et al.

Circuit Court, Okaloosa County.

August 17, 1956.

Charles A. Wade, Adams & Wade, Crestview, for plaintiffs.

L. L. FABISINSKI, Circuit Judge.

This cause is submitted to the court on the prayer of the plaintiffs, consequent upon default of all defendants, for a decree declaring the rights of the plaintiffs in the property described in the bill.

The deed under which plaintiff rests his claim of fee simple title is in form a warranty deed containing the customary covenants of quiet enjoyment and warranty. It is unique, however, in that the following provision was inserted by the grantor in the blank provided for a description of the property, following its description—

"It is further agreed and understood by the parties hereto that the said George Earl Marler, his heirs, legal representatives or assigns cannot ever sell or mortgage this property and that the title of the same shall always be and remain in the said George S. Marler and his paternal heirs and the heirs of his body according to the law of distribution and desend [sic] to the paternal kinsmen."

It will be noted that in conflict with the printed portions of the deed, the grantor specifically retains title in himself and his "paternal heirs."

The provision in many ways resembles an estate tail, and if it is in fact so, the result under our statute would be the same as if considered in the light of what is hereafter said.

In the opinion of the court the unusual provision contained in this deed creates a reversion in the grantor. True, it seems to attempt to create an inalienable estate in the grantor and his "paternal heirs." If this is a violation of the rule against perpetuities or of the rule against restraints on alienation, the plaintiffs are not the persons to question the efficacy of the provisions—the first takers after the termination of plaintiffs' estate would be in a position to do so.

An excellent discussion of this quality of estate may be found in "Cases on Property," Warren, 2d Ed., 1938, pages 561 through 571. Two cases are cited, King v. Dunham (1861), 31 Ga. 743, and Doctor v. Hughes (1919), 225 N.Y. 305, 122 N.E. 221. Both involved sets of circumstances very similar to the case made here, and both hold that the grantee takes a life estate, with reversion in the grantor.

Under these circumstances it is apparent that the declaration of the court must be that the plaintiff has a life estate, with reversion in the grantor.