Christopher C. McGrath, S.
In this proceeding to judicially settle the account of the administratrix c. t. a., the issue is raised as to the distribution of the proceeds from the sale of certain real property in which the decedent had an interest. A nephew of the deceased shares in her estate as a residuary legatee but not being an ‘‘ heir ” or “ distributee ’ ’ he could *961 not share in these proceeds if the interest passed outside the will by virtue of the deed itself.
The decedent and her mother, as joint tenants on November 1,1958, executed a deed in which they conveyed to themselves as parties of the second part “ their survivor and heirs to the extent of the life estates and remainder interests hereinafter set forth ” certain premises in Bronx County “ to have and to hold the premises herein granted to the parties of the second part for the life of each of said parties of the second part and of the survivor of them and on death of said survivor to the heirs, distributees or assigns of the parties of the second part each as to an individed [sic] one half interest.” The decedent executed her will on the same date that she executed the deed but made no reference to specific real property. The will did recite certain powers granted to her executors respecting real property. The decedent held no other real property at her death. She predeceased her mother who is now dead.
The question is: On the deaths of the decedent and her mother, did the interest of the decedent revert to her estate and thereby pass under her will or was a remainder created in the “ heirs ” and “ distributees ”?
At common law a direction to transfer an interest in land to the heirs of the grantor did not create a remainder in the heirs or next of kin. That direction was disregarded and it was held to be a reversion to the grantor (Doctor v. Hughes, 225 N. Y. 305). This rule sometimes known as the doctrine of “ worthier title ” persisted at least as a rule of construction and in order to find a remainder it was necessary to show a clearly expressed intention on the part of the grantor to create a remainder. In Richardson v. Richardson (298 N. Y. 135, 139) the court said that a “ direction to transfer trust property to one’s next of kin is insufficient in and of itself to create a remainder ” (ef. Real Property Law, § 118). In Matter of Burchell (299 N. Y. 351) Judge Fuld in his dissent at page 362 said in effect that there is no question that a direction to convey to settlor’s next of kin, standing alone would create a reversion and the property would pass by will or by intestacy. The “ clearly expressed intention” to create a remainder has been found when certain factors were present including no reservation to the settlor of a power to grant or assign an interest in the property in his lifetime (Richardson v. Richardson, supra, p. 140). In the present case the language of the deed quoted above evidences this reservation to the grantors of a right to assign. Consequently the court determines that one half the proceeds of the sale of the real property passes under the will of the decedent.