In the Matter of Ludlow W. Stevens, Respondent. New York Trust Company, as Cotrustee under an Indenture of Trust Made by Ludlow W. Stevens, as Settlor, Appellant.

First Department, November 10, 1953.

*Asbury Hayne de Yampert* of counsel (*C. Sims Farr* with him on the brief; *White & Case,* attorneys), for appellant.

*Arthur H. Beyer* for respondent.

*Per Curiam.* The trust created by the respondent in 1947 expressed an intent to create a beneficial interest in the distributees of his estate under the laws of intestacy of this State in default of the exercise by him of the reserved testamentary power of appointment. The identity of such persons cannot be determined until the death of the respondent.

It has been held that to transform into a remainder what would ordinarily be a reversion, the intention to work the transformation must be clearly expressed (*Doctor* v. *Hughes,* 225 N. Y. 305) and a direction to transfer trust property to one's next of kin is insufficient in and of itself to create a remainder (*Richardson* v. *Richardson,* 298 N. Y. 135). But where a clear intent exists, there is no problem in construing the instrument since the doctrine of worthier title no longer exists as a rule of property (*Matter of Burchell,* 299 N. Y. 351).

Here the trust agreement is plain and concise. It is expressly stated therein that the agreement cannot be revoked and that it is the intent of the grantor that the remaindermen — then and now unascertainable — have a remainder interest. The limited right of the appellant to invade the principal of the fund is so circumscribed that it supplies further evidence of an intent to create a remainder. The trust agreement cannot be revoked under section 23 of the Personal Property Law as it existed at the time of the creation of the trust in 1947, and prior to the amendment of 1951.

Neither may the trust be revoked by the act of the respondent, as co-trustee, in exercising the right given him under the agreement to remove the appellant as trustee. In such event it is provided that the respondent has the right to name a successor corporate trustee and in the event of his failure to do so a named trust company, other than appellant, shall act as trustee. Assuming that such trust company has refused to serve — which fact does not appear in the record — the trust may not be terminated upon the theory that respondent's failure to name a co-trustee creates a situation where respondent becomes settlor of the trust and sole trustee. A court of equity never

suffers an express trust to fail from the want of a trustee (Restatement, Trusts, § 101; *Sheldon* v. *Chappell,* 47 Hun 59). Even though the trust instrument provides a method of appointing successors, the powers of the court are not frustrated thereby. (Bogert on Trusts and Trustees [Vol. 3, part 1], § 532.)

The order of Special Term should be reversed and the application should be denied.

PECK, P. J., DORE, CALLAHAN, BREITEL and BASTOW, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the petition dismissed.