In the Matter of VERONICA E. T. MAXTED, Petitioner, against MARINE MIDLAND TRUST COMPANY OF NEW YORK, as Trustee, Respondent.

First Department, May 20, 1958.

*Stoddard B. Colby* of counsel (*Herman A. Heydt, Jr.*, with him on the brief; *Breed, Abbott & Morgan*, attorneys), for petitioner.

*Walter E. Warner, Jr.* of counsel (*Chambers, Clare & Gibson*, attorneys), for respondent.

*Per Curiam.* Under submission of controversy, pursuant to section 546 of the Civil Practice Act, petitioner, settlor and life beneficiary of a trust, seeks judicial determination that her purported revocation of the trust is valid on the ground that the interests limited on the life estate constitute a reversion rather than remainders. It is concluded that the issues raised in this case are determined by *Richardson* v. *Richardson* (298 N. Y. 135), *Matter of Burchell* (299 N. Y. 351) and *Matter of Stevens* (282 App. Div. 571, affd. 307 N. Y. 742). Consequently, the interests limited on the life estate constitute remainders and not a reversion and there is, therefore, insufficient basis now presented to revoke, the trust having been created prior to the 1951 amendment to section 23 of the Personal Property Law.

Accordingly, respondent trustee should be entitled to a final order determining that the attempted revocation of the trust is void and that petitioner is not entitled, either by herself alone, or by consent of her immediate next of kin, to revoke the trust instrument, without costs, the submission so providing.

BOTEIN, P. J., BREITEL, RABIN, STEVENS and BERGAN, JJ., concur.

Respondent trustee is entitled to a final order determining that the attempted revocation of the trust is void and that petitioner is not entitled, either by herself alone, or by consent of her immediate next of kin, to revoke the trust instrument, without costs, the submission so providing.

Settle order.